FILED
CLERK, U.S. DISTRICT COURT

JAN 1 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FUTURELOGIC, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSACT TECHNOLOGIES INCORPORATED,<br><br>        Defendant. | Case No. CV 05-03754 MMM (CTx)<br><br>**Hon. Margaret M. Morrow**<br><br>[PROPOSED] **PROTECTIVE ORDER** *AS MODIFIED BY THE COURT* |

WHEREAS, Plaintiff FutureLogic, Inc. ("FutureLogic") and

Defendant TransAct Technologies Incorporated ("TransAct") believe that

certain information encompassed by discovery demands made in this Action

may constitute trade secrets or other confidential research, development

and/or commercial information within the meaning of Rule 26(c) of the

1

1   Federal Rules of Civil Procedure or any other applicable local rule of the

2   Court; and

3           WHEREAS, each of the foregoing parties believes that it would serve

4   its interest to conduct discovery under a protective order pursuant to Rule

5   26(c) of the Federal Rules of Civil Procedure;

6           IT IS HEREBY ORDERED that:

7           1.      This Protective Order shall apply to all information, documents

8   and things subject to discovery in this Action, and believed by the producing

9   party to contain trade secrets or other confidential research, development

10  and/or commercial information within the meaning of Rule 26(c).  As used

11  herein, "CONFIDENTIAL" and "CONFIDENTIAL – OUTSIDE

12  COUNSEL ONLY" information are collectively referred to as "Confidential

13  Material".  Confidential Material shall include all information, documents,

14  and things constituting, referring or relating to the foregoing, including

15  copies, summaries, or abstracts of the foregoing.

16          2.      This Protective Order shall be construed so as to prevent the

17  specific harm that will occur from unauthorized disclosure of the parties'

18  trade secrets or other confidential information.  By way of example, only,

19  the unauthorized disclosure of research and development materials such as

20  source code, technical specifications, schematics and flow charts, of

21  methods of manufacture or of unpublished patent applications and related

22  materials may reveal techniques, specialized skills and capabilities not

23  commonly known in the industry.  The unauthorized disclosure of

24  communications with manufacturers, suppliers, vendors and competitors, of

25  license agreements or of other contracts may reveal privately negotiated,

26  specialized commercial relationships between a party and other commercial

27

28

entities.  The unauthorized disclosure of communications relating to customers or of detailed financial data may reveal the economic value of particular aspects of a disclosing party's business.  Similarly, the unauthorized disclosure of business planning, strategy, or marketing information such as product plans, pricing, and sales projections, competitive analyses and drafts of press releases, advertisements, and marketing materials may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others. Such unauthorized disclosures may destroy the competitive advantage and /or economic value bestowed by such information.

3.    This Protective Order shall apply to a non-party who produces Confidential Material in the case to the same extent as it does to parties, as long as that non-party agrees in writing to be bound by the terms of this protective order.  A party and a non-party will both be referred to herein as party or parties.

4.    A party may designate as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" such Confidential Materials, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the producing party in good faith believes contain:

(a)  highly sensitive, non-public and confidential source code, technical specifications, schematics, and flow charts concerning products (1) made, used, sold, offered for sale, or imported at the time of the filing of the lawsuit, or (2) under development at the time of the lawsuit or during the lawsuit for future manufacture, use, sale, or importation.  The unauthorized disclosure of this material would undermine the value of the disclosing party's investment in its

3

research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(b) highly sensitive, non-public and confidential manufacturing information concerning (1) the identity of manufacturers, and/or (2) methods of manufacture. The unauthorized disclosure of this material would reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any economic advantage that they provide. Further, the unauthorized disclosure of this material would undermine the value of the disclosing party's investment in its research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(c) highly sensitive, non-public and confidential financial statements and information concerning sales, costs, margins, and profits or loss. The unauthorized disclosure of this material would reveal the financial details of a disclosing party's business thereby undermining the economic value of this information;

(d) unpublished patent applications, whether pending, abandoned, U.S., or non-U.S., and documents relating to the preparation or prosecution of such applications. The unauthorized disclosure of this material would reveal innovative techniques, processes, methods and/or significant technological developments that bestow a competitive advantage and are not known by others. Such unauthorized disclosure would jeopardize the economic value of these innovations and undermine the disclosing party's investment in them;

1    (e)  highly sensitive, non-public and confidential intellectual
2    property licenses.  The unauthorized disclosure of this material may
3    reveal privately negotiated, specialized commercial relationships
4    between a party and other commercial entities and thus, potentially
5    harm those relationships and any economic advantage that they
6    provide;
7    (f)  non-public and confidential business planning, strategy, or
8    marketing documents concerning product planning, pricing, and sales
9    projections.  The unauthorized disclosure this material may reveal a
10    party's long-term commercial goals and commitment to commercial
11    objectives not commonly known by others.  Such unauthorized
12    disclosures may destroy the competitive advantage and /or economic
13    value bestowed by such information; and
14    (g)  highly sensitive, non-public and confidential
15    communications, memoranda, reports, or notes that discuss the
16    foregoing categories of information.  The unauthorized disclosure of
17    this material may destroy the competitive advantage and/or economic
18    value bestowed by such information.
19    5.    A party may designate as "CONFIDENTIAL" those
20    Confidential Materials, whether in written, oral, electronic, graphic,
21    audiovisual, or any other form, that are not publicly available and that the
22    producing party in good faith believes contains:
23    (a) highly sensitive, non-public and confidential source code,
24    technical specifications, schematics, and flow charts of products made,
25    used, sold, offered for sale, or imported before the filing of the lawsuit
26    but no longer made, used, sold, offered for sale or imported at the time
27
28

of the lawsuit or during the lawsuit.  The unauthorized disclosure of this material would undermine the value of the disclosing party's investment in its research and development efforts by revealing techniques, specialized skills and capabilities not commonly known in the industry;

(b) non-public internal communications concerning customers, competitors, suppliers, vendors, or other third parties that are not otherwise "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information.  The unauthorized disclosure of this material may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others.  Such unauthorized disclosures may destroy the competitive advantage and/or economic value bestowed by such information;

(c) non-public and confidential communications with customers, competitors, suppliers, vendors, or other third parties that are not otherwise "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information.  The unauthorized disclosure of this material may reveal privately negotiated, specialized commercial relationships between a party and other commercial entities and thus, potentially harm those relationships and any economic advantage that they provide;

(d) non-public and confidential competitive analyses and drafts of press releases, advertisements, and marketing materials that are not otherwise "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information.  The unauthorized disclosure this material may reveal a party's long-term commercial goals and commitment to commercial objectives not commonly known by others.  Such unauthorized

6

1  disclosures may destroy the competitive advantage and/or economic

2  value bestowed by such information; and

3      (e) contracts that contain sensitive and confidential information

4  that has not been publicly disclosed, and would not be publicly

5  disclosed in the ordinary course of business, but that does not

6  otherwise contain "CONFIDENTIAL - OUTSIDE COUNSEL

7  ONLY" information.  The unauthorized disclosure of this material

8  may reveal privately negotiated, specialized commercial relationships

9  between a party and other commercial entities and thus, potentially

10  harm those relationships and any economic advantage that they

11  provide.

12      6.    Nothing in this Protective Order shall preclude any party from

13  disclosing or using, in any matter or for any purpose as is necessary for the

14  defense or prosecution of this lawsuit, any information which: (i) is public

15  knowledge; (ii) was lawfully in the party's possession or control prior to

16  being designated as Confidential Material in this Action; or (iii) was

17  obtained from a third party having the apparent right to disclose such

18  information without restriction or obligation of confidentiality.  Nothing in

19  this Protective Order shall be deemed to prohibit discussions with any

20  person of any Confidential Material if said person already has or obtains

21  legitimate possession of that Confidential Material being discussed without

22  restriction or obligation of confidentiality as to that Confidential Material for

23  use within that discussion.

24      7.    The labeling or marking of a document with the designation

25  "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL

26  ONLY" shall be made when a copy of the document or thing is provided to

27

28

the receiving party.  Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," in accordance with said written notification, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall notify the producing party of that disclosure and make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation in respect to the Confidential Material disseminated.

   8.  In the case of deposition upon oral examination or written questions, pages or entire transcripts of testimony given at a deposition or hearing that concerns Confidential Material as defined herein, may be designated with the appropriate confidentiality designation according to Paragraphs 4 and 5 by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the receipt of the deposition transcript.

   9.  In the absence of written permission from the producing party or an Order of this Court, no Confidential Material shall be shown, nor shall the contents or the substance thereof be disclosed to or discussed with, any person other than:

    (a)  the United States District Court for the Central District of California and its officers;

(b)    counsel of record (including local and trial counsel), partners, associates and employees of counsel of record, including any member of the support staff assisting such counsel and independent legal translators retained by counsel of record to translate in connection with this Action, provided however, that no material designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" of a party to this Protective Order shall be disclosed to, revealed to, used by, any patent attorney, patent agent, or like person engaged or employed by another party and involved in the prosecution, in any country, of patent applications relating to the technology or subject matter of the patent(s) at issue in this litigation, nor shall counsel of record as identified pursuant to this subparagraph guide or advise any such patent attorney, patent agent, or like person, in prosecuting such patent applications based on material designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" subject to this Protective Order, nor shall counsel of record for a party as identified pursuant to this subparagraph be involved, for a period of twelve (12) months following the final termination of this Action, including all appeals, in the prosecution, in any country, of patent applications relating to the technology or subject matter of the patent(s) at issue in this litigation on behalf of said party; outside experts, consultants, or investigators (collectively, referred to hereinafter as "Experts") who are engaged for the purpose of this Action by the party receiving such information and their support personnel, but only after compliance with the provisions of Paragraph 12 below;

1            (c)     deposition witnesses during the course of a deposition,

2    provided that the witness is an employee of the producing party or that

3    the witness was an author or recipient of the document;

4            (d)     court reporters taking testimony involving such

5    Confidential Material and their support personnel;

6            (e)     seven in-house employees per party, designated by the

7    party, who will execute the form of undertaking attached hereto as

8    Exhibit A ("In-House Representative(s)") and who are limited to the

9    review of "CONFIDENTIAL" information except as provided in

10   Paragraph 10 herein, the executed undertaking to be retained in the

11   files of outside counsel to the party that designated the employee;

12           (f)     any third party necessary to the defense or prosecution of

13   this lawsuit by a receiving party Confidential Material, such as third

14   party witnesses or consultants, for whom the producing party consents

15   to disclosure in writing, but only to the extent authorized in said

16   written consent; and

17           (g)     any person to whom the producing party agrees to

18   provide a copy.

19           10.     Subject to Paragraph 4, CONFIDENTIAL – OUTSIDE

20   COUNSEL ONLY information produced by another party pursuant to this

21   Protective Order shall be disclosed to only those persons listed in Paragraphs

22   9(a) – (d) and (g).  Notwithstanding these restrictions, if appropriate outside

23   counsel determines that it is necessary to discuss with his client's designated

24   In-House Representative(s) documents or information designated

25   CONFIDENTIAL – OUTSIDE COUNSEL ONLY by a producing party,

26   such outside counsel will first seek permission from the producing party.

27

28

1   The producing party will have three (3) business days from receipt of the

2   request in which to respond, and will not unreasonably withhold such

3   permission.  If the producing party refuses to grant such permission, the

4   outside counsel seeking to discuss such CONFIDENTIAL – OUTSIDE

5   COUNSEL ONLY documents or information with his client's designated

6   In-House Representative(s) may file a motion concerning such documents or

7   information with the Court pursuant to the provisions of Paragraph 18.

8   Consistent with the terms of Paragraph 18 of this Order, the burden shall be

9   on the producing party to demonstrate that the requested disclosure should

10  not be permitted.

11          11.     Documents that have been produced prior to the entry of this

12  Protective Order which have been designated "CONFIDENTIAL – FILED

13  UNDER SEAL PURSUANT TO INTERIM CONFIDENTIALITY

14  AGREEMENT" or to similar effect, shall be deemed to be

15  CONFIDENTIAL – OUTSIDE COUNSEL ONLY for a period of thirty (30)

16  days after the entry of this Protective Order.  Prior to the expiration of this

17  thirty (30) day period, documents produced prior to the entry of this

18  Protective Order which have been designated "CONFIDENTIAL – FILED

19  UNDER SEAL PURSUANT TO INTERIM CONFIDENTIALITY

20  AGREEMENT" or to similar effect may be designated in whole or in part as

21  Confidential Material by providing written notice to the receiving party.

22          12.     Counsel desiring to disclose another party's Confidential

23  Material to Experts referred to in Paragraphs 9(b) above shall first obtain a

24  signed undertaking, in the form of Exhibit B attached hereto, from each such

25  Expert, and such counsel shall retain in his/her files the original of each such

26  signed undertaking.  A copy of the proposed undertaking shall be forwarded

27

28

to opposing counsel, and with respect to Experts, shall be accompanied by a current curriculum vitae and a declaration as described below.  The curriculum vitae must specify prior testimonial engagements and prior expert testimony for the past five years.  The declaration must be made under penalty of perjury, and must specify for the past five (5) years the date, nature, and type of each agreement and each agency or consulting arrangement with each of the parties to the lawsuit and each of their affiliates.  No Confidential Material shall be disclosed to any Expert until after the expiration of a three (3) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking, curriculum vitae, and declaration after which period of time Confidential Material may be disclosed to such Expert.  If opposing counsel makes an objection to such disclosure, the counsel making such an objection bears the burden of seeking relief from the Court that disclosure of Confidential Material to such Expert is inappropriate.

    13.    Confidential Material of another party shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order until he or she shall have first received, read and agreed to be bound by this Order, unless otherwise specified in this Protective Order.  This provision does not apply to persons listed in Paragraphs 9(a), (b), (d), (e), and (g) above.  These persons may receive Confidential Material of another party without first having received, read, and agreed to be bound by this Order.

    14.    No copy of any transcript of or exhibit to any deposition which is designated, in part or in whole, as Confidential Material in accordance with Paragraph 8 shall be furnished by any court reporter to any person other

than to (i) counsel of record and (ii) counsel for a third party, provided that the furnished transcript is the transcript of a deposition of said third party, its representative, agent or employee.  If any transcript or portions thereof designated as Confidential Material are to be filed with the Court, the transcript or relevant portions thereof shall be filed with the Court in accordance with Paragraph 15.

15.   To the extent that any Confidential Material subject to this Protective Order (or any pleading, motion or memorandum revealing any Confidential Material ) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Material, shall be filed in securely sealed envelopes or other securely sealed containers accompanied by an application to file papers – or confidential portions thereof -- under seal (by the filing party) pursuant to the requirements of Local Rule 79-5.1 and marked "CONFIDENTIAL FILED UNDER SEAL Pursuant To Local Rule 79-5.1."  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  The designation of documents as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY does not entitle a party to have such documents filed under seal.  Parties shall request to file under seal only the portions of such documents that contain Confidential Material.  A party requesting to file a document under seal shall simultaneously submit a redacted version of such document for public filing.

16.   Nothing herein shall restrict any person who is qualified to receive Confidential Material from making working copies, abstracts,

1   digests or analyses of said information for use in connection with this Action

2   and such working copies, abstracts, digests and analyses shall be deemed to

3   have the same level of protection as said information under the terms of this

4   Protective Order.  Further, nothing herein shall restrict a qualified recipient

5   from converting or translating such information into machine-readable form

6   for incorporation in a data retrieval system used in connection with this

7   Action, provided that access to said information, in whatever form stored or

8   reproduced, shall be limited to persons qualified to receive said information

9   pursuant to this Protective Order.

10      17.   Nothing in this Protective Order shall require disclosure of

11  material that a party contends is protected from disclosure by the attorney-

12  client privilege or the attorney work-product immunity or any other

13  applicable privilege or immunity.  This shall not preclude any party from

14  moving the Court for an Order directing the disclosure of such material.

15      18.   The designation, production, or acceptance by a party of

16  documents or things designated as Confidential Material shall not constitute

17  an admission or concession, or permit an inference, that the material(s) are

18  in fact Confidential Material properly the subject for protection under Fed.

19  R. Civ. P. 26 (c) or on some other basis.  Documents and things designated

20  as Confidential Material shall be treated in accordance with the provisions of

21  this Protective Order, except that any party may at any time notify the other

22  party(ies) to the Protective Order of its objection that a portion or all of the

23  information designated as "CONFIDENTIAL" or "CONFIDENTIAL –

24  OUTSIDE COUNSEL ONLY" is not entitled to protection under the terms

25  of this Protective Order and may seek relief from the Court pursuant to

26  Local Rule 37.  If the parties wish to file a Joint Stipulation, required by   *CT*

27  *and in compliance with any applicable orders,*

28  *including scheduling orders, of the district judge*

14

1  Local Rule 37, under seal, the parties may file a joint application to file

2  under seal pursuant to Local Rule 79-5 to that effect or the moving party

3  may file an application under Local Rule 79-5 requesting that the Joint

4  Stipulation or portions thereof be filed under seal.  A party shall not be

5  obligated to challenge the propriety of a designation of Confidential Material

6  at the time made, and failure to do so shall not preclude subsequent

7  challenge.  Should any party seek an Order from the Court to determine

8  whether specified information or categories of information are not properly

9  designated as Confidential Material, the claimed designation shall remain

10  operative and respected by all the parties and non-parties pending the

11  Court's ruling.

12       19.    Inadvertent production or disclosure of documents or

13  information subject to the attorney-client privilege, work product immunity,

14  or any other applicable privilege shall not constitute a waiver of, nor a

15  prejudice to, any claim that such or related material is privileged or protected

16  by the work product immunity or any other applicable privilege, provided

17  that the producing party notifies the receiving party in writing promptly after

18  discovery of such inadvertent production.  Such inadvertently produced

19  documents or information, including all copies thereof, shall be returned to

20  the producing party immediately upon request.  No use shall be made of

21  such documents or information during deposition or at trial, nor shall such

22  documents or information be shown to anyone who has not already been

23  given access to them subsequent to the request that they be returned;

24  provided however, that the receiving party may move the Court for an Order

25  compelling production of such information.

26

27

28

20.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify counsel for the party whose Confidential Material is at issue of all the pertinent facts, and make every effort to prevent further unauthorized disclosure and to retrieve all copies of the Confidential Material from the recipient(s) thereof and to secure the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

21.     The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.

22.     Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

23.     This Protective Order shall not prevent the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modifications of this Protective Order.

24.     A party, attorney or any other persons who are allowed access to Confidential Material of another party shall use said Confidential Material solely for the purposes of this Action, subject to the provisions of this

16

1   Protective Order and any further Order regarding confidentiality as the Court

2   may enter.  Nothing in this Protective Order shall be construed to prevent

3   counsel of record or other counsel participating in this litigation, and to

4   whom material designated as "CONFIDENTIAL – OUTSIDE COUNSEL

5   ONLY" has been disclosed, from undertaking or continuing prosecution of a

6   patent application relating to the technology or subject matter of the

7   patent(s) at issue in this litigation once the litigation has been finally

8   concluded for twelve months, provided that counsel does not make use of

9   Confidential Material in such prosecution.

10          25.    This Protective Order only applies to information exchanged in

11   discovery and other proceedings before the Magistrate Judge. *Any request for protection*

12   *of documents or information in connection with the use of such information*

13   *or documents at trial or in proceedings before the district*

14   *judge must be made to the district judge and supported by an*

     *appropriate showing.*

     DATED: _1/10/08_

                                            _Carolyn Turchin_
                                            Honorable Carolyn Turchin
                                            UNITED STATES MAGISTRATE JUDGE

18   Presented by:

     **ROPES & GRAY LLP**                   **O'MELVENY & MYERS LLP**

21   By: _Kathleen K. Miller_               By: _Michael Myers (by KKM)_
     Gene W. Lee (*Pro Hac Vice*)           Brett J. Williamson (S.B. #145235)
22   Bryan R. Diederich (*Pro Hac Vice*)    Michael L. Myers (S.B. #240652)
     Kathleen K. Miller (*Pro Hac Vice*)
23                                          Attorneys for Plaintiff,
24   Donald L. Ridge (S.B. #132171)         FUTURELOGIC, INC.
     **MORRIS POLICH & PURDY LLP**

     Attorneys for Defendant,
26   TRANSACT TECHNOLOGIES
     INCORPORATED

17

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

|  |  |
|---|---|
| FUTURELOGIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSACT TECHNOLOGIES INCORPORATED, <br><br> Defendant. | Case No. CV 05-03754 MMM (CTx) <br><br> **UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER** |

I, _____ declare that:

1. My present employer is _____ and the address of my present employer is _____.

2. My present occupation or job description is _____ _____ _____ _____ _____.

3. I have received and carefully read the Protective Order in this Action dated January ___, 2008, and understand its provisions. As a condition precedent to receiving any Confidential Material, as such are defined in the Protective Order, I agree to subject myself to the personal

jurisdiction of this Court with respect to the enforcement of the provisions of the attached Protective Order. I understand that I am obligated, under Order of the Court, to hold in confidence and not to disclose the contents of any document or thing marked or later designated pursuant to the Protective Order as Confidential Material to anyone other than those persons identified in Paragraphs 9 and 10 of the Protective Order to the extent that such persons are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in Paragraphs 9 and 10 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Material or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

4. At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

5. I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and may be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the producing party.

6. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____

Name:_____

1

2

**EXHIBIT B**

3

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

5

6

7     FUTURELOGIC, INC.,                      )   Case No. CV 05-03754 MMM
                                              )   (CTx)
8                 Plaintiff,                   )
                                              )   **UNDERTAKING CONCERNING**
9           v.                                 )   **RECEIPT OF CONFIDENTIAL**
                                              )   **MATERIALS SUBJECT TO**
10    TRANSACT TECHNOLOGIES                    )   **PROTECTIVE ORDER**
      INCORPORATED,                            )
11                                             )
                  Defendant.                   )
12                                             )
                                              )
13

14

       I, _____ declare that:

15

       1.  My present residential address is _____

16

17    _____

18    __.

19         2.  My present employer is _____ and

      the address of my present employer is

20    _____.

21         3.  My present occupation or job description is

22    _____

23    _____.

24         4.  I have received and carefully read the Protective Order in this

25    Action dated January ___, 2008, and understand its provisions.  As a

26    condition precedent to receiving any Confidential Material, as such are

27

28

defined in the Protective Order, I agree to subject myself to the personal jurisdiction of this Court with respect to the enforcement of the provisions of the attached Protective Order. I understand that I am obligated, under Order of the Court, to hold in confidence and not to disclose the contents of any document or thing marked or later designated pursuant to the Protective Order as Confidential Material to anyone other than those persons identified in Paragraphs 9 and 10 of the Protective Order to the extent that such persons are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in Paragraphs 9 and 10 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Material or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5. At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6. If retained as an Expert, as that term is defined in Paragraph 9(b) of the Protective Order, I further agree not to provide for a period of three (3) years from the date of this undertaking any services to the party (or any affiliate thereof) employing me if said services relate in any way to the prosecution of any patent application or the development of any product.

7. Attached to this undertaking is a list specifying for the past five (5) years the date, nature, and type of any (a) prior consulting agreement where I provided services as a testifying expert; and (b) each agency or consulting

1   arrangement with each of the parties to the lawsuit and each of their

2   affiliates.

3       8.  I understand that if I violate the provisions of this Protective Order,

4   I will be in violation of a Court Order and may be subject to sanctions or

5   other remedies that may be imposed by the Court and potentially liable in a

6   civil action for damages by the disclosing party.

7       9.  I declare under penalty of perjury of the laws of the United States

8   that the foregoing is true and correct.

9

10

11                                  Executed on: _____

12                                  Name:_____

13

14  NB1:733708.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28